**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MD Helicopters Incorporated, | No. CV-19-02236-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is a motion to seal and a motion for a protective order.[1] Turning to the request for a protective order first, Plaintiff seeks a protective order stating, "Protective orders are commonplace in the two main bid protest forums—the Government Accountability Office [] and the U.S. Court of Federal Claims []." (Doc. 7 at 2). Of course, this Court is neither of those forums; thus, this Court will apply the law of the Ninth Circuit.

The motion for protective order defines protected information as: "information that must be protected to safeguard the competitive process, **including** source selection information, proprietary information and confidential information…." (Doc. 7-1 at 2) (emphasis added). This open-ended definition is far too broad to qualify for a protective order in this Circuit.

Specifically, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an

---

[1] Defendant has not been served, or appeared, so the Court has not waited for a response to either motion.

order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at \*1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party to requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, Plaintiff seeks unfettered discretion in marking whatever it chooses as confidential. Further, Plaintiff has not made a particularized showing as to any documents or other materials. Thus, the protective order sought is too broad and will be denied as such.

Next, Plaintiff seeks to file its motion for temporary restraining order and preliminary injunction under seal. (Doc. 10). This motion suffers from the same over inclusiveness as the motion for a protective order. Specifically, the motion to seal claims that the motion for injunctive relief contains "highly sensitive trade secrets" of Plaintiff. (Doc. 10 at 2). While this might be true, the motion to seal seeks to seal the entire motion for injunctive relief.

The Court has reviewed the motion for injunctive relief. By way of example, pages 4 and 5 recount what Plaintiff argues is the governing law. The Court cannot imagine cause for the law to be sealed. Further, when the motion for injunctive relief is compared to the unsealed complaint, many of the facts overlap. Again, the Court cannot imagine cause to seal facts that are already in the public record. Accordingly, Plaintiff has not shown compelling reasons to file the entire motion under seal. *See Ctr. for Auto Safety v. Chrysler*

1     *Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr.*

2     *for Auto Safety*, 137 S. Ct. 38 (2016).

3          Thus, the Court will deny the filing of the lodged motion under seal. Plaintiff may

4     either re-file the motion unsealed, or, if Plaintiff chooses to again seek to file under seal,

5     Plaintiff must simultaneously file an unsealed, redacted version of the same document,

6     redacting only the information Plaintiff can show compelling reasons to seal. Any

7     accompanying motion to seal must detail why each piece of redacted information must be

8     sealed. The same is true for any exhibits.

9          Based on the foregoing,

10     **IT IS ORDERED** that the motion for protective order (Doc. 7) is denied, without

11     prejudice.

12     **IT IS FURTHER ORDERED** that the motion to seal (Doc. 10) is denied. The

13     Clerk of the Court shall leave Doc. 9 lodged, under seal.

14          Dated this 8th day of April, 2019.

15

16

17

18                                James A. Teilborg

                          Senior United States District Judge

19

20

21

22

23

24

25

26

27

28