**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MD Helicopters Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>Defendants. | No. CV-19-02236-PHX-JAT<br><br>**ORDER** |

At issue is AVX Aircraft Company's ("AVX") Motion to Intervene (Doc. 63), to which Plaintiff MD Helicopters, Inc. ("Plaintiff") has filed a Response, (Doc. 69), and AVX has filed a Reply, (Doc. 75). For the reasons set forth below and in the Court's May 10, 2019 Order granting Sikorsky Aircraft Corporation's ("Sikorsky") Motion to Intervene, (Doc. 49), the Court grants AVX's Motion.

**I.  ANALYSIS**

AVX seeks to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or, alternatively, permissively under Fed. R. Civ. P. 24(b). (Doc. 63 at 2, 6).[1] Like Sikorsky, AVX has been selected by the Army to enter into a Future Attack Reconnaissance Aircraft Competitive Prototype ("FARA CP") agreement under the Other Transaction Authority ("OTA") of 10 U.S.C. § 2371b, and has begun performance under this contract. (*Id.* at 2). Counsel for Defendants United States of America, et al. ("Defendants") and counsel for Intervenor Sikorsky have consented to AVX's Motion. (*Id.*). The Court will permit AVX

---

[1] As the relevant legal standard is set forth in detail in the Court's May 10, 2019 Order (Doc. 49), it will not be recounted again here.

to intervene as a matter of right pursuant to Rule 24(a)(2) as AVX has demonstrated: (1) that its Motion is timely; (2) that it has a protectable interest in the subject of this litigation; (3) that the disposition of this action may impair or impede AVX's ability to protect its interests; and (4) that the existing parties do not adequately represent AVX's interests. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)).[2]

In its Response in Opposition to AVX's Motion to Intervene (Doc. 69), Plaintiff does not raise any new arguments regarding the second and third elements (whether AVX has a protectable interest in the subject of this litigation and whether the disposition of this action may impair AVX's ability to protects its interests) of the *League of United Latin Am. Citizens* test for intervention as a matter of right. As AVX has also been selected to enter into a FARA CP OTA agreement, has invested significant time and resources in its negotiations with the Army to reach a satisfactory OTA agreement, and has actually begun performance under the FARA CP program, (Docs. 63 at 5; 75 at 4–5), the Court's findings and holdings as to the second factor made in its Order ruling on Sikorsky's Motion to Intervene (Doc. 49 at 4–6) apply with equal force to AVX's Motion here. Further, because AVX is similarly situated to Sikorsky, AVX's interests could also be significantly impaired if Plaintiff is successful in this suit. (Docs. 63 at 5–6; 75 at 5). Therefore, the Court defers to the findings and holdings made in its Order ruling on Sikorsky's Motion to Intervene (Doc. 49 at 6–8) as to the third factor, as well.

Plaintiff's opposition to AVX's Motion mainly stems from the first and fourth elements of the *League of United Latin Am. Citizens* test for intervention as a matter of right. (*See* Doc. 69 at 3). These elements are examined below.

### A. Whether AVX's Motion to Intervene is Timely

Although Plaintiff contends that AVX cannot show that its Motion is timely, (*id.* at 3–4), the Court disagrees. Plaintiff filed its Complaint on April 5, 2019, (Doc. 1), Defendants received notice of Plaintiff's suit on April 15, 2019, (Doc. 17-1), and AVX

---

[2] As AVX is entitled to intervene as a matter of right under Rule 24(a)(2), the Court need not consider whether it will permit AVX to intervene permissively under Rule 24(b).

- 2 -

filed its Motion to Intervene just over one month later on May 20, 2019, (Doc. 63). Further, AVX's Motion was filed before Defendants answered, (*see* Doc. 71), and substantive proceedings have still not taken place. (Doc. 63 at 3). As AVX points out, various courts within the Ninth Circuit have permitted intervention on motions filed after similar timeframes. (Doc. 75 at 3 (citing *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (holding that the district court did not err in permitting intervention as a matter of right four months after the complaint had been filed as the "intervention motion was filed at a very early stage, before any hearings or rulings on substantive matters"); *Gila River Indian Cmty. v. United States*, No. CV10-1993 PHX-DGC, 2010 WL 4811831, at *2 (D. Ariz. Nov. 19, 2010) (motion for permissive intervention was timely where motion was filed six weeks after commencement of action and where permitting intervention would not disrupt the expedited litigation schedule); *Agua Caliente Band of Cahuilla Indians v. Riverside Cty.*, No. EDCV1400007DMGDTBX, 2014 WL 12588284, at *2 (C.D. Cal. Apr. 21, 2014) (motion for intervention as a matter of right filed approximately six weeks after commencement of action and less than a month after the defendants filed their answer was timely))).

Further, permitting AVX to intervene will not prejudice the other parties or delay the proceedings. AVX does not propose to make any additional written briefing in response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 13/15), and does not seek to postpone the hearing on that Motion. (Doc. 63 at 4). In opposition, Plaintiff contends that AVX's qualification that it does not seek to submit additional briefing "at this time" suggests that "AVX may change its position to the prejudice of the existing parties that did seek timely participation." (Doc. 69 at 4). Plaintiff also states that if AVX later decides to submit further briefing this "could delay the litigation or at least unnecessarily complicate the proceedings, thus prejudicing MDHI's ability to enforce its rights." (*Id.*). Nevertheless, there is no indication that AVX will do so here, as AVX joined Defendants' and Sikorsky's responses to Plaintiff's Motion for Preliminary Injunction and TRO, stating that because these responses "present sufficient

reason for the Court to deny the Motion, AVX does not intend to submit further briefing or written argument in opposition." (Doc. 64 at 2).

Moreover, given the early stage of the proceedings, there has not been any undue delay by AVX in filing its Motion to Intervene. *See Idaho Farm Bureau Fed'n*, 58 F.3d at 1397. Although Plaintiff states that "AVX provides no justification for waiting to seek intervention until after: (1) briefing on MDHI's Motion for TRO and Preliminary Injunction concluded, and (2) Sikorsky's intervention motion was fully briefed and decided," (Doc. 69 at 4), AVX explicitly noted in its Motion that it "is a relatively small company, and the expense associated with the requested intervention was a significant consideration[,]" (Doc. 63 at 4). Furthermore, Plaintiff's argument that if "AVX wanted to participate in this proceeding, it should have participated in the GAO proceedings" (Doc. 69 at 4) is without merit; the Court finds no support for Plaintiff's proposition that parties seeking to intervene at the district court level must have participated in previous administrative actions concerning the same suit. For these reasons, the Court finds that AVX's Motion to Intervene is timely.

**B.  Whether the Existing Parties Do Not Adequately Represent AVX's Interests**

The fourth element also weighs in favor of AVX's Motion to Intervene, as AVX has met its "minimal" burden in demonstrating that representation of its interests by existing parties "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). For the same reasons discussed in the Court's Order granting Sikorsky's Motion to Intervene, the United States does not adequately represent AVX's interests. (*See* Doc. 49 at 9–11). Plaintiff asserts that because Sikorsky has "successfully intervened and is actively participating in this litigation, the interests of all Phase 1 awardees are adequately represented to the extent such interests were not already represented by the Army." (Doc. 69 at 5). According to Plaintiff, "AVX and Sikorsky both seek to preserve their Phase 1 awards and prevent MDHI from receiving one[,]" and that "is the extent of their

combined interest in this litigation." (*Id.*). While it is true that Sikorsky and AVX are "generally aligned in opposing MDHI's claims," Sikorsky cannot adequately represent AVX's interests because the two, as awardees of FARA CP OTA agreements, "are ultimately competing against one another" for the award of a production contract. (Docs. 63 at 6; 75 at 5). Plaintiff also contends that it is not challenging the award of any Phase 1 awardee and that the outcome of this litigation "will not have any impact on the competition between AVX and Sikorsky." (Doc. 69 at 5). However, the Court again notes that if Plaintiff is ultimately awarded a Phase 1 contract, AVX—like Sikorsky—will suffer losses associated with the increased competition at Phase 1 because AVX will lose a proportional share of its funding as the pool of FARA CP performers is increased. (*See* Doc. 49 at 10 (citing Docs. 13-1 at 9–10, 14; 46 at 4)). Further, AVX's chances at ultimately receiving a production contract may be impaired. (*See* Doc. 13-1 at 9–11). As AVX is competing with Sikorsky for a production contract, no current party can adequately protect AVX's interests.

## II. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that AVX's Motion to Intervene (Doc. 63) is **GRANTED** to the extent that the Court will permit AVX to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2).

Dated this 6th day of June, 2019.

James A. Teilborg
Senior United States District Judge