**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MD Helicopters Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>Defendants. | No. CV-19-02236-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendants'[1] Motion to File Portions of Administrative Record Under Seal (Docs. 35, 60), Defendants' Motion to File Additional Documents to Administrative Record Under Seal (Doc. 72); Defendants' Motion to File its Response to Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction and Declarations of Linda Diedrich and David Friedman Under Seal (Doc. 40), and Plaintiff's Motion to File Portions of Reply in Support of Motion for TRO and Preliminary Injunction Under Seal (Doc. 56). All of these Motions are unopposed. The Court now rules on these Motions.

**I.     BACKGROUND**

On April 5, 2019, Plaintiff MD Helicopters Incorporated ("Plaintiff" or "MDHI") filed this action challenging the U.S. Army's ("Army") denial of Plaintiff's proposal for the Future Attack Reconnaissance Aircraft Competitive Prototype ("FARA CP").

---

[1] "Defendants" refers to the United States of America, Patrick M. Shanahan, in his capacity as Acting Secretary of Defense, the U.S. Department of Army, and Mark T. Esper, in his capacity as Secretary of the Army.

(Doc. 1 at 1–4). Plaintiff alleges that the Army evaluated its proposal in a manner which was "arbitrary, capricious, an abuse of discretion, and not in accordance with law" such that the Court should set aside the agency's actions pursuant to 5 U.S.C. § 706(2)(A) and order that MDHI's proposal be advanced for Phase 1 evaluation. (*Id.* at 5). Plaintiff also requests that the Court issue a temporary restraining order and preliminary injunction enjoining the Army from proceeding with Phase 1 evaluation in the FARA CP Solicitation until this lawsuit is resolved. (Docs. 1 at 5; 13 at 9).

Previously, the Court granted Plaintiff's Motion to Seal the unredacted version of its Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 12), taking Plaintiff at its word that each item redacted was a trade secret. (Doc. 14 at 1). Now, Defendants seek to file under seal portions of the Certified Administrative Record, their Response to Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction, and the supporting Declarations of Linda Diedrich and David Friedman. (*See* Docs. 35; 40, 60, 72). Plaintiff also seeks to file its Reply in Support of its Motion for TRO and Preliminary Injunction under seal. (Doc. 56).

## II. LEGAL STANDARD

It has long been recognized that the public has a general right of access "to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of access extends to all judicial records except those that have "traditionally been kept secret for important policy reasons," namely grand jury transcripts and certain warrant materials. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Nevertheless, "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm the litigant's competitive standing." *Nixon*, 435 U.S. at 598.

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the

record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Id.* at 1180. This means "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Id.* at 1178–1179 (internal quotations omitted). Generalized statements supporting sealing are inadequate; a party must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed. *Id.* at 1183–84. These compelling reasons must be shown in order to seal judicial records attached to a dispositive motion, even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* at 1179.

What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599. The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179. If the Court decides to seal certain judicial records after considering these interests, "it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quotation omitted).

In the business context, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (quoting Restatement (First) of Torts § 757, cmt. B (1939)).[2] As "confidentiality alone does not transform business information

---

[2] Arizona defines a "trade secret" as information that both "(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." A.R.S. § 44–401(4). "Only those secrets affording a demonstrable competitive advantage may properly be considered a trade

into a trade secret, a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret." *PCT Int'l Inc. v. Holland Elecs. LLC*, 2014 WL 4722326, at *2 (D. Ariz. Sept. 23, 2014) (quotation omitted).

## III. DEFENDANTS' MOTION TO FILE PORTIONS OF ADMINISTRATIVE RECORD UNDER SEAL (DOCS. 35, 60)

On May 3, 2019, Defendants filed a Motion to File Portions of Administrative Record Under Seal (Doc. 35). On this same date, Defendants filed an Index of the Certified Administrative Record along with items 2, 11, 12, 13, and 14 of that record. (*See* Doc. 36). Defendants also lodged under seal items 3–10 and 15–26 of the Certified Administrative Record. (Docs. 37–39, 62). Defendants contend that public disclosure of items 3–10 and 15–26 would not only violate the Court's May 1, 2019 Protective Order, but also violate federal statutes, specifically 10 U.S.C. § 130 and 10 U.S.C. § 2371b(h). (Docs. 35 at 3; 60 at 3). Further, Defendants point out that "the source selection information contained in this record [] may also be subject to claims of trade secrets protection by the Plaintiff." (*Id.*). Accordingly, Defendants request that the Court enter an order permitting them to file items 3–10 and 15–26 of the Certified Administrative Record under seal. (*Id.*).[3]

Defendants state that each page of items 3–10 of the Certified Administrative Record (AR000119–2009) contains detailed technical information and data related to a military or space application that is protected from public disclosure pursuant to 10 U.S.C. § 130. (Docs. 35 at 2; 60 at 2–3). Section 130 provides, in relevant part:

> Notwithstanding any other provision of law, the Secretary of Defense may withhold from public disclosure any technical data with military or space application in the possession of, or under the control of, the Department of Defense, if such data may not be exported lawfully outside the United States without an approval, authorization, or license under the Export Administration Act of 1979 (50 U.S.C. 4601 et seq.) or the

---

secret." *Enterprise Leasing Co. of Phoenix v. Ehmke*, 197 Ariz. 144, 3 P.3d 1064, 1070 (Ariz. Ct. App. 1999).

[3] Defendants do not seek to seal items 1–2 and 11–14 of the Certified Administrative Record. (Docs. 35 at 3; 60 at 3).

- 4 -

Arms Export Control Act (22 U.S.C. 2751 et seq.).

10 U.S.C. § 130(a). The term "technical data with military or space application" used in this section means "any blueprints, drawings, plans, instructions, computer software and documentation, or other technical information that can be used, or be adapted for use, to design, engineer, produce, manufacture, operate, repair, overhaul, or reproduce any military or space equipment or technology concerning such equipment." *Id.* § 130(c).

Items 3–10 of the Certified Record are various supplemental information packages issued by the US Army Contracting Command–Redstone for the FARA CP Program Solicitation on topics including design, aircraft and mission systems, airworthiness qualification, security classification, and guidance for estimating cost of the FARA Air Vehicle Platform. (Doc. 36-1). These items are marked with a distribution statement which notes that distribution is authorized to the Department of Defense ("DoD") and U.S. DoD contractors only because the documents contain "critical technology," or else contain an indication that they are restricted to supplemental information package recipients. (Docs. 37-1 at 9; 37-2 at 1; 37-4 at 1; 37-5 at 1; 37-14 at 1; 37-16 at 1; 37-17 at 1).

As items 3–10 (AR000119–2009) of the certified administrative record appear to contain technical data with military application barred from public disclosure pursuant to 10 U.S.C. § 130, the Court finds that Defendants have shown compelling reasons to seal these portions of the Certified Administrative Record. *See United States ex rel. Kelly v. Serco, Inc.*, No. 11CV2975 WQH-RBB, 2014 WL 12675246, at *4 (S.D. Cal. Dec. 22, 2014) (granting the defendant's motion to seal various documents designated "For Official Use Only" by the United States Government because "national security interests are a compelling reason for filing documents under seal"); *McQuilliams v. Int'l Auto Logistics, LLC*, No. 2:14-CV-124, 2016 WL 4257362, at *1 (S.D. Ga. Aug. 11, 2016) (granting the parties' joint motions to file under seal where the parties "established that sealing these records is necessary to protect Defendant's proprietary

information and information that implicates national security interests").[4]

Defendants also aver that items 15 through 26 of the Certified Administrative Record (AR 002067–002480) contain information protected from disclosure pursuant to 10 U.S.C. § 2371b(h), which incorporates the Procurement Integrity Act, 41 U.S.C. § 2102. (Docs. 35 at 2; 60 at 2–3). Section 2371b grants the DoD other transaction authority to "carry out prototype projects that are directly relevant to enhancing the mission effectiveness of military personnel and the supporting platforms, systems, components, or materials proposed to be acquired or developed by the Department of Defense . . . ." 10 U.S.C. § 2371b(a). Subsection h of section 2371b states that "[a]n agreement entered into under the authority of this section shall be treated as a Federal agency procurement for the purposes of chapter 21 of title 41." *Id.* § 2371b(h). The Procurement Integrity Act of chapter 21 of title 41 prohibits the knowing disclosure of "contractor bid or proposal information or source selection information" pertaining to awards of Federal agency procurement contracts by a present or former official of the Federal Government. 41 U.S.C. § 2102(a).[5]

After reviewing items 15 through 26, the Court finds that these portions of the Administrative Record contain information barred from public disclosure by the Procurement Integrity Act. Items 16 through 19, which are various portions of Plaintiff's proposal for the FARA CP, contain "contractor bid or proposal information," including cost or pricing data and various proprietary information about manufacturing processes,

---

[4] *See also Am. Civil Liberties Union v. Dep't of Def.*, No. 09CIV8071BSJFM, 2012 WL 13075284, at *6 (S.D.N.Y. Mar. 20, 2012) (granting the defendant's request to seal documents where doing so "is necessary to preserve the national security"); *United States v. Ressam*, 221 F. Supp. 2d 1252, 1263 (W.D. Wash. 2002) (sealing documents "required to protect ongoing compelling interests of national security").

[5] The Procurement Integrity Act defines "contractor bid or proposal information" as non-public "information submitted to a Federal agency as part of, or in connection with, a bid or proposal to enter into a Federal agency procurement contract," such as cost or pricing data, indirect costs and direct labor rates, or various proprietary information about manufacturing processes, operations, or techniques. 41 U.S.C. § 2101(2). The same section defines "source selection information" as non-public "information prepared for use by a Federal agency to evaluate a bid or proposal to enter into a Federal agency procurement contract," such as bid prices, proposed costs or prices, source selection plans, technical evaluations of proposals, cost or price evaluations of proposals, and rankings of bids. *Id.* § 2101(7).

operations, and techniques. *See* 41 U.S.C. § 2101(2). Items 15 and 20 through 26 are Defendants' various evaluations of Plaintiff's proposal and communications with Plaintiff as to why its proposal was not selected. These documents constitute "source selection information," as that term is defined by 41 U.S.C. § 2101(7).

Not only are items 15 through 26 of the Certified Administrative Record barred from disclosure under 10 U.S.C. § 2371b(h) and 41 U.S.C. § 2102 as "contractor bid or proposal information" and "source selection information," but the Court is concerned that public disclosure of these documents would release information likely subject to trade secret protection by Plaintiff. Plaintiff did not file a response to Defendants' Motion to File Portions of Administrative Record Under Seal (Doc. 35) addressing whether or not these documents contain trade secrets. However, given that Plaintiff previously successfully moved to seal its Motion for Temporary Restraining Order and Preliminary Injunction on the ground that it contained MDHI's trade secrets, (Doc. 10 at 1), and that much of the information Plaintiff sought to redact can be found within items 15 through 26 of the Certified Administrative Record, public disclosure of these documents might harm both MDHI's competitive position and the security of the government agencies that rely on MDHI's technology.

As items 15–26 (AR 002067–002480) of the certified administrative record contain information barred from disclosure under 10 U.S.C. § 2371b(h) and likely contain protectable trade secrets, the Court finds that Defendants have shown compelling reasons to seal these portions of the Certified Administrative Record. *See Kamakana*, 447 F.3d at 1179 ("compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . release trade secrets"); *GPNE Corp. v. Apple Inc.*, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) ("[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'") (quoting Fed. R. Civ. P. 26(c)(1)(G)). For these reasons, the Court will grant Defendants' Motion to File Portions of Administrative Record Under Seal

1 (Docs. 35, 60).

## IV. DEFENDANTS' MOTION TO FILE ADDITIONAL DOCUMENTS TO ADMINISTRATIVE RECORD UNDER SEAL (DOC. 72)

Defendants have also filed a Motion to File Additional Documents to Administrative Record Under Seal (Doc. 72). This Motion avers that, since lodging the Certified Administrative Record with the Court, Defendants have located four additional documents that were considered by the agency when issuing its final decision rejecting Plaintiff's FARA CP proposal. (*Id.* at 2). Defendants have lodged these four documents, items 27–30 of the Certified Administrative Record, under seal at Doc. 74.

Defendants contend that each page of items 27–30 of the Certified Administrative Record (AR002481–002054) contains information protected from disclosure by the Court's May 1, 2019 Protective Order and by 10 U.S.C. § 2371b(h), which incorporates the Procurement Integrity Act, 41 U.S.C. § 2102. (Doc. 72 at 2). According to Defendants, "there is a significant concern to protect against the disclosure of source selection information contained in this record which may also be subject to claims of trade secret protection by the Plaintiff." (*Id.* at 2–3). Accordingly, Defendants request that the Court enter an order permitting them to file items 27–30 of the Certified Administrative Record under seal. (*Id.* at 3).

After reviewing items 27 through 30, the Court finds that these portions of the Certified Administrative Record contain information barred from public disclosure by the Procurement Integrity Act. Items 27 through 30 include a consensus technical evaluation of Plaintiff's proposal for the FARA CP, as well as various emails regarding Defendants' evaluations of Plaintiff's proposal. These documents constitute "source selection information," as that term is defined by 41 U.S.C. § 2101(7). Further, for the same reasons noted *supra*, the Court is concerned that these portions of the Certified Administrative Record likely contain Plaintiff's trade secrets. As a result, the Court finds that Defendants have shown compelling reasons to seal items 27 through 30 of the Certified Administrative Record. *See Kamakana*, 447 F.3d at 1179; *GPNE Corp.*, 2015 WL 4381244, at *1.

Therefore, the Court will grant Defendants' Motion (Doc. 72).

## V. DEFENDANTS' MOTION TO FILE RESPONSE TO PLAINTIFF'S MOTION FOR TRO/PI UNDER SEAL (DOC. 40)

Defendants also move to seal their Response to Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction, and the Declarations of Linda Diedrich and David Friedman, (Doc. 40), lodging these documents under seal at Doc. 41. Defendants contend that its Response (Doc. 41), and the attached Declarations of Linda Diedrich and David Friedman (Docs. 41-1–41-2), contain factual material and related argument which are not only subject to the Protective Order in this case, but also consist of information protected from disclosure under the Procurement Integrity Act. (Doc. 40 at 2 (citing 10 U.S.C. § 2371b(h); 41 U.S.C. § 2102)). According to Defendants, public disclosure of the information contained in these documents would release source selection information in violation of the Procurement Integrity Act, and likely release information subject to trade secret protection by Plaintiff. (*Id.* at 2–3).

After reviewing Defendants' Response to Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction (Doc. 41) and the attached Declarations of Linda Diedrich and David Friedman (Docs. 41-1–41-2), the Court finds that these documents contain information barred from public disclosure by the Procurement Integrity Act, including Plaintiff's bid or proposal information and source selection information. *See* 41 U.S.C. §§ 2101(2), 2101(7). Further, as discussed *supra*, these documents likely contain Plaintiff's trade secrets. For these reasons, the Court finds that Defendants have shown compelling reasons to seal their Response to Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction and the Declarations of Linda Diedrich and David Friedman. *See Kamakana*, 447 F.3d at 1179; *GPNE Corp.*, 2015 WL 4381244, at *1. Accordingly, the Court will grant Defendants' Motion (Doc. 40).

## VI. PLAINTIFF'S MOTION TO FILE PORTIONS OF REPLY IN SUPPORT OF MOTION FOR TRO/PI UNDER SEAL (DOC. 56)

On May 16, 2019, Plaintiff filed a Motion to File Portions of Reply in Support of

Motion for TRO and Preliminary Injunction Under Seal (Doc. 56). With this Motion, Plaintiff lodged its proposed Reply at Doc. 57. Plaintiff asks that the Court seal its Reply because it contains "factual material and related argument concerning MDHI's proposal, the Army's overall evaluation of FARA CP proposals, and the Army's specific evaluation of MDHI's proposal." (Doc. 56 at 2). Plaintiff alleges that the public disclosure of this information would not only reveal its trade secrets, but also would violate the Procurement Integrity Act. *(Id.* (citing 10 U.S.C. § 2371b(h); 41 U.S.C. § 2102)).

As Plaintiff points out, its Reply contains similar information to what Defendants previously identified in their Motions to Seal as source selection information and Plaintiff's trade secrets subject to the Protective Order. (Doc. 56 at 2). After reviewing Plaintiff's Reply (Doc. 57), the Court agrees that public disclosure of that document would release Plaintiff's trade secrets as well as Plaintiff's bid or proposal information and source selection information in violation of the Procurement Integrity Act. *See* 41 U.S.C. §§ 2101(2), 2101(7); *Kamakana*, 447 F.3d at 1179; *GPNE Corp.*, 2015 WL 4381244, at *1. For these reasons, the Court finds that Plaintiff has shown compelling reasons to seal its Reply. Accordingly, the Court will grant Plaintiff's Motion (Doc. 56).

**VII. CONCLUSION**

//
//
//
//
//
//
//
//
//
//
//

For the reasons set forth above,

**IT IS ORDERED** that Defendants' Motion to File Portions of Administrative Record Under Seal (Docs. 35, 60) is **GRANTED**. The Clerk of the Court is directed to file under seal the documents presently lodged at Docs. 37, 38, 39, and 62.

**IT IS FURTHER ORDERED** that Defendants' Motion to File Additional Documents to Administrative Record Under Seal (Doc. 72) is **GRANTED**. The Clerk of the Court is directed to file under seal the documents presently lodged at Doc. 74.

**IT IS FURTHER ORDERED** that Defendants' Motion to File its Response to Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction and Declarations of Linda Diedrich and David Friedman Under Seal (Doc. 40) is **GRANTED**. The Clerk of the Court is directed to file under seal the documents presently lodged at Doc. 41.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to File Portions of Reply in Support of Motion for TRO and Preliminary Injunction Under Seal (Doc. 56) is **GRANTED**. The Clerk of the Court is directed to file under seal the document presently lodged at Doc. 57.

Dated this 6th day of June, 2019.

James A. Teilborg
Senior United States District Judge